IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADVANCED INTEGRATIVE MEDICAL SCIENCE INSTITUTE, *et al.*<br><br>           Petitioners,<br><br>  v.<br><br>**MERRICK B. GARLAND, ATTORNEY GENERAL;** *et al.*,<br><br>           Respondents. | No. 21-70544 |

**PETITIONERS' OPPOSED MOTION FOR ENLARGEMENT OF ORAL ARGUMENT BY FIVE MINUTES**

Petitioners, by and through undersigned counsel, move for an enlargement of time allotted for oral argument in the above-captioned matter from fifteen (15) minutes per side to twenty (20) minutes per side. Petitioners request the Court extend oral argument time for each side by five (5) minutes and allot Petitioners' five minutes to the *amici* States. The State of Washington on behalf of ten U.S. jurisdictions has expressed interest in presenting five minutes of argument in this case, which presents questions implicating their sovereign interests. The government

1

does not oppose Petitioners' dividing five minutes of their allotted time to the States, but it does oppose Petitioners' request to enlarge the overall argument time.

Petitioners filed their petition for review in March 2021, and the Court granted Petitioners' motion to expedite the appeal on April 26, 2021. Petitioners submitted their opening brief on May 14, 2021, and *amici* filed their supporting briefs on May 21, 2021. Among the *amici* who filed briefs in support of the Petitioners were the States of Washington, Arizona, Delaware, Illinois, Michigan, Minnesota, Ohio, and Oregon, as well as the District of Columbia (the "*amici* States").

The notice of oral argument was entered on this Court's docket on June 20, 2021, and each side was allotted fifteen minutes. Respondents filed their responsive brief on June 25, 2021, and Petitioners filed their reply on July 23, 2021.

This matter is calendared for oral argument on September 2, 2021, at 1 P.M.

Petitioners request to extend and divide time for the *amici* States. In support this request, Petitioners state as follows:

1. Petitioners wish to split their allotted time with the *amici* States, represented by the State of Washington, such that the States be provided five minutes to present argument to the Court. It is within the Court's discretion to set argument, divide argument time, and allow *amicus* argument. *See, e.g.*, Fed. R. App. P. 29(a)(8). And the Court has a history of granting argument time to state attorney general *amici* when requested. *See, e.g.*, *In re: EasySaver Rewards Litig.*, No. 16-56307, Dkt. 64 (9th Cir., Mar. 22, 2018); *Chambers v. Whirlpool Corp.,* No. 16-56666 Dkt. 158 (9th Cir., Jan. 8, 2020). Petitioners request that the Court exercise its discretion here to grant counsel an additional five minutes of argument time.

2. Petitioners request that the Court allot the enlarged time as follows:

- ❖ Fifteen (15) Minutes to Petitioners;[1]
- ❖ Five (5) Minutes to the State of Washington; and
- ❖ Twenty (20) Minutes to Respondents.

---

[1] If the Court does not enlarge Petitioners' allotted time, Petitioners wish to divide three minutes out of its fifteen to the *amici* States.

3

3. This case raises issues related to federalism and sovereign state interests. Opening Br. (Dkt. 18) at 46-50; *Amici* States Br. (Dkt. 26) at 10-12, 24-27. Although Petitioners could argue these points, the States themselves are in the better position to defend their sovereign interests. Not only does the State of Washington govern the practice of medicine within its jurisdiction, it is also among the many states that have adopted Right to Try laws, the subject of this dispute.

4. This case raises an important issue of first impression. To Petitioners' knowledge, no federal appellate court has ever construed or applied Section 902 of the Controlled Substances Act (CSA). 21 U.S.C. §902. Opening Br. at 40-46; Reply Br. (Dkt. 54) at 20-23. This Court would be the first. Accordingly, the enlargement of time would allow the parties to explore the implications relating to application of this provision as it relates to the CSA, the Food Drug Cosmetic Act, and state law.

5. Since the original allotment of argument time, the government raised an additional jurisdictional issue in its responsive brief. Answering Br. (Dkt. 45) at 19-23. Petitioners submit that

additional time is proper to address this issue along with the merits issues that Petitioners raise.

6. Respondents would not be prejudiced by the additional time and indeed would benefit from an addition five minutes of argument time in this matter.

## CONCLUSION

For the foregoing reasons, the Court should extend the time allotted for oral argument in the above-captioned matter by five minutes per side for a total twenty minutes per side. Petitioners request that these five additional minutes be allotted to the *amici* States, represented by the State of Washington.

If the Court does not enlarge Petitioners' allotted time, Petitioners wish to divide three minutes out of its currently-allotted fifteen to the *amici* States.

Respectfully submitted,

| | |
|---|---|
| Kathryn L. Tucker<br>EMERGE LAW GROUP<br>621 SW Morrison Street<br>Suite 900<br>Portland, OR 97205<br>Phone: 206.595.0097<br>kathryn@emergelawgroup.com<br><br>Matthew C. Zorn<br>YETTER COLEMAN LLP<br>811 Main Street, Suite 4100<br>Houston, Texas 77002<br>Phone: 713.632.8000<br>Fax: 713.632.8002<br>mzorn@yettercoleman.com<br><br>Shane Pennington<br>Vicente Sederberg LLP<br>1115 Broadway, 12th Floor<br>New York, NY 10010<br>Phone: 917.338.5455<br>Fax: 303.860.4504<br>s.pennington@vicentesederberg.com |  */s/ Thomas J. Tobin*<br>James F. Williams<br>Andrew J. Kline<br>Thomas J. Tobin<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA  98101-3099<br>Phone:  206.359.8000<br>Fax:  206.359.9000<br>jwilliams@perkinscoie.com<br>akline@perkinscoie.com<br>ttobin@perkinscoie.com<br><br>Holly Martinez<br>PERKINS COIE LLP<br>1120 N.W. Couch Street, 10th Floor<br>Portland, OR  97209-4128<br>Phone:  503.727.2000<br>Fax:  503.727.2222<br>hmartinez@perkinscoie.com<br><br>*Attorneys for Petitioners* |

August 12, 2021

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 752 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).  I further certify that this response complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using Microsoft Word 2013 in a proportionally spaced typeface, 14-point Century Schoolbook font.

**Perkins Coie LLP**

*/s/Thomas J. Tobin*
Thomas J. Tobin
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000
TTobin@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

**Perkins Coie LLP**

*/s/Thomas J. Tobin*
Thomas J. Tobin
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000
TTobin@perkinscoie.com

*Attorney for Petitioners*